Though the grounds upon which the case alluded to at Knoxville rested do not apply to the state of society in this country, the judges conceived themselves bound by the principles of the English decisions in this respect. This being the case, the Court will not extend the effect of that decision further than the reasons upon which it is founded will, clearly warrant.
In order to understand this subject distinctly, it may not be improper to take a short view of the doctrine of conveyance, so far, at least, as respects the common assurance of bargain and sale.
Feoffment was the common-law mode of conveying, in which it was necessary that livery of seisin should be made, so that no person could convey in *Page 103 
this way unless he had possession, and consequently was able to deliver it. The statute of 27 H. 8, c. 10, introduced the idea of conveying by deed of bargain and sale. This statute was made to remedy the inconveniencies which had arisen by frequent conveyances to uses. In this way it had happened that persons holding and possessing lands were but trustees for others who recovered the profits. The person in possession by the principles of the common law was considered as the owner of the estate.
Agreeably to the principles of equity, the person who had paid the consideration money was entitled to the use or profits of the land, though the conveyance might have been made to another. The effect, of this statute was to transfer the possession to the use which had been or might afterwards be created, making the cestui que use
the complete legal owner.
Before this statute the payment of money for land raised the use, and this statute annexed the possession in legal understanding to it so as to complete the title. Hence, in bargains and sales, a consideration is necessary to raise an use, after which the statute transfers the possession without actual livery of seisin; it is however understood that this statute is bottomed on the principles of the common law, as to transference of possession. Either by the common law, or statute, there must be a possession in the trustee, or bargainor, of which livery of seisin may be made in one case, or upon which the statute might operate in the other. If there was no possession, either actual or constructive, the statute could not transfer it to the use; which appears indispensably necessary in this mode of conveyance.
A person holding a title to land, of which no person is in possession, may be said to be constructively in possession as to legal purposes; but when another is in possession claiming adversely, actual or constructive possession being excluded, the statute cannot operate, and consequently a deed of bargain and sale would be void. Independent of this view of the subject, these conveyances are considered as a species of maintenance punishable by the common law; nor has it yet occurred to me that the *Page 104 
decision at Knoxville was in the least incorrect or inapplicable to the situation of this country.
The next inquiry will be whether our statute has altered this principle in conveyancing so far as relates to the sheriff's sales. The Act of 1794, c. 1, § 23, has these words: "And whereas, by the policy and genius of our present government, lands and tenements ought to be made subject to the payment of his just debts when the debtor hath not within the limits of the territory goods and chattels sufficient to satisfy the same."
In the construction of statutes such a meaning ought to be given to the law, not inconsistent with the words, as will if possible effectuate the intention of the legislature. It is, moreover, a received rule of construction that acts made for the benefit of creditors, or for the suppression of fraud, shall be liberally expounded. This purpose of the legislature can be attained in no other way than by giving a sheriff's deed effect by virtue of this statute, and not pre-existing laws. It has been already decided that the sheriff after sale is only to make a deed.[1] He has nothing to do with delivering possession to the purchaser who is put to his action. This shows at once that the common-law idea of possession was not in the contemplation of the legislature when making this act. The act designed to transfer the right, and to make the conveyance effective in recovering the possession. In this manner the intention of the legislature can be carried into effect; otherwise, either through design or accident, it is liable to be defeated in a great variety of instances. By this act, that principle of the common law and statute of H. 8, which supposes the possession to accompany the right, is taken away.
The act of law cannot work an injury, and therefore this mode of conveyance cannot be maintenance, as it might be in the instance of an individual sale, which is the case put of a decision at Knoxville. One is the act of the Jaw, the other of the party.
In my opinion, therefore, the sheriff's deed is valid, and a complete transfer of Mary Asher's right, notwithstanding the adverse possession of the defendant.
[1] Wil. ed. Bac. Ab. 714, n. *Page 105